[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on plaintiff's claim for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq., hereinafter referred to as the Act.
The alleged victim in in the instant case is Daniel Reis who died of unrelated causes before this case was called for hearing. The instant claim is based on statements made by Reis at three different occasions: first, to his wife, on the night of the alleged incident; second, to the staff at Memorial Hospital in Pawtucket; and finally, ten days after the alleged incident, to the North Kingstown Police.
Reis reported to the North Kingstown Police that on December 13, 1988 he was driving on Post Road in North Kingstown when, at approximately 4:30 P.M. he observed two black males assaulting one white male. Reis stopped his vehicle and went to the aid of the white male. The plaintiff stated that he was then hit from behind by someone he did not see. The unknown assailant hit Reis several times in the head and arm with a board. At this point, Reis, rather than seek aid in North Kingstown, drove to his home in Pawtucket where his wife would later testify that he repeated the same story to her. It was only at her insistence that Reis sought medical aid from Memorial Hospital.
It was not until ten days after the alleged incident that Reis reported the above related story to the police officials in the Town of North Kingstown. The police report filed in this matter shows that no other information was received by the police. No calls were received on the day in question regarding the incident; no witnesses could be located and no other victim, i.e., the lone white male, was ever found.
The defendant State of Rhode Island has moved to dismiss the case based on the lack of evidence that a crime was committed. The State contends that the circumstances surrounding the case are simply not credible.
At the request of the defendant State of Rhode Island a hearing was held on this matter. During the course of the hearing, plaintiff's wife testified as to what Reis, now deceased, told her on the evening of December 13, 1988. Her testimony essentially repeats the information that would be recorded ten days later at the North Kingstown Police station. Plaintiff's attorney has placed great reliance on this testimony and has provided the Court with a number of references to buttress his argument that this testimony should be allowed under Rule 804(c) of the Rules of Evidence.
However, plaintiff maintains that the testimony completely corroborates the prior statements of the decedent in the police and hospital reports. Plaintiff claims overwhelming evidence all corroborated by the testimony of the decedent's wife, the hospital report and the police report. The Court is of a different opinion.
In the instant case, there is not three different pieces of evidence corroborating anything. Rather, there is simply one story of the alleged victim repeated three times. The reports at the hospital and the police station are, like the testimony of decedent's wife, merely recordings of one story told by the decedent.
The Court simply finds that story incredible. Decedent claims to have witnessed an attack that seems to have gone unnoticed by any other living individual, furthermore, this attack is alleged to have taken place on a busy highway during the afternoon traffic period yet no one reported these events to the police. Decedent was without doubt seriously injured, however, he fails to report the incident for ten days and drives, with a broken arm, from North Kingstown to Pawtucket before seeking medical attention.
Sustaining serious injuries is in and of itself not sufficient to recover under provisions of the Act. After careful consideration of the evidence and testimony at the hearing, this Court is not convinced that Daniel Reis was a victim of a crime and is therefore not entitled to compensation under the Act.